IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

WILLIAM J. RHOADES )
)
Plaintiff, )
)
v. ) Civil Action No. 3:16-cv-335
)
THOMAS WALKER, )
)
Defendant. )

MEMORANDUM OPINION
(Motions to Quash Service of Process and to Dismiss)

This matter arises from a cause of action filed by William Rhoades (*pro se* "Plaintiff") (ECF No. 1) alleging that Thomas Walker ("Defendant"), Chief of the Regulatory Branch of the Norfolk District of the United States Army Corps of Engineers (the "Corps"), violated the Commerce Clause, and Plaintiff's rights under the Due Process Clause of the Fifth Amendment. (Compl. ¶¶ 60, 65.) Plaintiff alleges that Defendant violated his rights under the Due Process Clause by "compromise[ing] the integrity" of the permit approval process by willfully and wrongfully withholding relevant information relating to the issuance of a permit on September 10, 2014, that authorized the extension of a levee on the property of Non-Party Thomas E. Pruitt ("Pruitt"). (*Id.* ¶¶ 5, 55.) Plaintiff also alleges that Defendant violated the Commerce Clause by failing to alert the Corps to a state-issued permit for the levee that restricted the use of the waters until there was a demonstrable need for public access. (*Id.* ¶¶ 63–65.)

1

Plaintiff seeks declaratory judgment and asks this Court to find that (1) authorization of the levee requires a signed and accepted permit; (2) evidence of a signed or accepted permit has not been demonstrated to this Court; (3) the state cannot condition public access to the waters based on "a demonstrated need for public access;" (4) Defendant failed to furnish the relevant authorities with "sufficient information to render a fair and unbiased decision in approving the permit" authorizing extension of the levee; and (5) the levee removal order issued in 1981 is currently enforceable. (*Id.* at 13–14.)

According to the Complaint, the facts are as follows. In 1969, Richard E. Watkins ("Watkins") built an 800' levee in the waters of Curles Neck Creek in Henrico, Virginia. (*Id.* ¶ 9.) He did so without a permit, believing himself exempt because he owned the land upon which the levee was built. (*Id.*) Shortly after receiving notice from the District Engineer of the Corps to remove the unauthorized levee in April of 1981, Watkins applied for an "after-the-fact" permit with a Joint Permit Application ("JPA"). (*Id.* ¶¶ 10, 13.) A JPA requires approval from the Corps and from the Virginia Marine Resources Commission ("VMRC"). (*Id.* ¶ 14.) That after-the-fact permit was granted in 1983. (*Id.* ¶ 20, Ex. B, E.)

In 2012, Pruitt, the current owner of the levee, submitted a JPA for a proposed half-mile extension to the levee, citing the April 1983 permit as previous authorization for the levee. (*Id.* ¶¶ 34–35.) Plaintiff alleges that the April 1983 permit is invalid and was not accepted by Watkins—it "contains a mixture of typed and handwritten entries not found in 'finalized' documents ready for proffering to an intended permittee for signature," it does not have Watkins's signature, and it does not list any conditions

imposed on the permit. (*Id.* ¶¶ 21–24.) Despite these alleged defects, the Corps issued a permit authorizing Pruitt's proposed extension of the levee on September 10, 2014, and that extension has since been completed. (*See Id.* ¶¶ 52, 55.) VMRC also proffered a permit approving the extension of the levee on October 28, 2013. (*Id.* ¶ 64.) This VMRC permit included a condition that would restrict "the creation of a public easement for portaging un-motorized watercraft around or over the levee obstructing navigation to Curles Neck Creek" until there was a demonstrated need for public access. (*Id.* ¶¶ 64–65.)

The District Engineer of the Corps decides whether to approve or deny a permit. (*Id.* ¶¶ 42, 54, 56, 59; Non-Party's Mem. Supp. Mot. Quash Serv. Proc. & Mot. Dismiss ("Non-Party Mem.") at 12); *see also* 33 U.S.C. § 403; 33 C.F.R. §§ 322.3, 322.5, 325.7, 325.8. With regard to the 2014 permit, Plaintiff claims that the Defendant failed to disclose critical information to the District Engineer, and that the District Engineer relied at least in part on the inadequate information provided to him by Defendant. (Compl. ¶¶ 42, 54, 56.) Plaintiff also asserts that the 1983 permit, which authorized the original 1969 levee, is not valid, in part because the Corps did not maintain a signed copy of the complete permit in its files. (*Id.* ¶¶ 20–24, 52.) Further, Plaintiff contends that the 2014 permit authorizing the levee extension is invalid, because it was predicated on the 1983 permit. (*Id.* ¶ 55.)

Presently before the Court is Pruitt's Motion to Quash Service of Process and Motion to Dismiss (ECF No. 7), filed on June 29, 2016, and Defendant's Motion to Dismiss (ECF No. 11), filed on August 8, 2016.

3

Pruitt seeks to quash the service of process given to him and to dismiss himself from the suit, asserting that he is not a named defendant and was therefore improperly served. (Non-Party Mem. 9–10); Fed. R. Civ. P. 4(a)(1)(B), (b).

As to this initial matter of quashing service of process, Plaintiff does not oppose Pruitt's request, nor him being dismissed entirely from this matter. "Non-Party's Counsel begins his Argument by asserting that service of process upon his client, Mr. Pruitt, be quashed and the case dismissed against him. Plaintiff does not oppose dismissal of Mr. Pruitt in his capacity as a Non-Party in this case." (Pl.'s Mem. Opp'n at 7, ECF No. 9.) Given the agreement of the parties, and it appearing appropriate to do so, the Court will GRANT Non-Party Pruitt's Motion to quash service of process.

Pruitt also moves to dismiss the complaint against Defendant, pursuant to Federal Rules of Civil Procedure 12(a)(1), (b)(1), (b)(4), (b)(5), and (b)(6), for lack of standing, lack of a private right of action under *Bivens* or the Rivers and Harbors Act of 1899, and for failure to state a claim. Additionally, Defendant Thomas Walker moves to dismiss the complaint, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).

For the reasons stated below, the Court will GRANT both Pruitt and Defendant's Motions, and dismiss the Complaint.

The Court assumes Plaintiff's well-pleaded allegations to be true and views all facts in the light most favorable to him. *T.G. Slater & Son v. Donald P. & Patricia A. Brennan, LLC*, 385 F.3d 836, 841 (4th Cir. 2004) (citing *Mylan Labs, Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). This principle applies only to factual allegations, however, and "a court considering a motion to dismiss can choose to begin by identifying

4

pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

The Court acknowledges that *pro se* complaints are afforded a liberal construction. *Laber v. Harvey*, 438 F.3d 404, 413 n.3 (4th Cir. 2006). The Court, however, need not attempt "to discern the unexpressed intent of the plaintiff." *Id.* Nor does the requirement of liberal construction excuse a clear failure in the pleading to allege a federally cognizable claim. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990). As the Fourth Circuit explained in *Beaudett v. City of Hampton*, "[t]hough [*pro se*] litigants cannot, of course, be expected to frame legal issues with the clarity and precision ideally evident in the work of those trained in law, neither can district courts be required to conjure up and decide issues never fairly presented to them." 775 F.2d 1274, 1276 (4th Cir. 1985).

Under Article III of the Constitution, this Court's power is limited to cases and controversies. As the United States Supreme Court restated in *Summers v. Earth Island Institute*, "the traditional role of Anglo-American courts…is to redress or prevent actual or imminently threatened injury to persons caused by private or official violation of law. Except when necessary in the execution of that function, courts have no charter to review and revise legislative and executive action." 555 U.S. 488, 492 (2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559–60 (1992)). The initial standing inquiry "requires federal courts to satisfy themselves that the plaintiff has alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction." *Id.* at 493 (internal quotation marks and citations omitted).

In *Doe v. Virginia Dep't of State Police*, the United States Court of Appeals for the Fourth Circuit reiterated the irreducible elements of Article III standing. First, Plaintiffs "must be able to show that (1) [they] suffered an actual or threatened injury that is concrete, particularized, and not conjectural; (2) the injury is fairly traceable to the challenged conduct; and (3) the injury is likely to be redressed by a favorable decision." 713 F.3d 745, 753 (4th Cir. 2013) (citing *Lujan*, 504 U.S. at 560–61); *see also Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).

"An injury sufficient to meet the causation and redressability elements of the standing inquiry must result from the actions of the respondent, not from the actions of a third party beyond the Court's control." *Id.* at 755 (quoting *Mirant Potomac River, LLC v. EPA*, 577 F.3d 223, 226 (4th Cir. 2009)). Traceability requires a showing that it is "likely that the injury was caused by the conduct complained of and not by the independent action of some third party not before the court." *Id.* (citing *Friends of the Earth, Inc. v. Gaston Copper Recycling Corp.*, 204 F.3d 149, 154 (4th Cir. 2000)). Redressability requires a showing that it is "likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (citing *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 181 (2000)). "A plaintiff faces a related obstacle to establishing traceability and redressability when there exists an unchallenged, independent rule, policy, or decision that would prevent relief even if the court were to render a favorable decision." *Id.* at 756. "The traceability and redressability prongs become problematic when third persons not party to the litigation must act in order for an injury to arise or be cured." *Id.* at 755.

Both Plaintiff and Pruitt agree that the District Engineer ultimately decides whether to issue a permit. (Compl. ¶¶ 42, 54, 56, 59; Non-Party Mem. at 12); *see also* 33 U.S.C. § 403; 33 C.F.R. §§ 322.3, 322.5, 325.7, 325.8. In short, Plaintiff has complained about the decision to grant a permit, based on a variety of reasons. Plaintiff acknowledges that the District Engineer, who is not party to this suit, holds the independent authority to grant or deny a permit. Therefore, the alleged harm is not directly traceable to the named Defendant, despite the allegations that he failed to properly inform the District Engineer.

Redressability is similarly problematic. Plaintiff asks the Court to find that Defendant was responsible for the most recent permit because he failed to provide the District Engineer with sufficient information to render an "unbiased decision" authorizing an extension of the levee. (*See* Compl. at 14.) Even if the Court makes such a finding, it would not truly redress the Plaintiff's alleged harm, which is the inability to access particular waters, which would assumedly require removal of the levee, either in all or in part. In this case, the named Defendant cannot right the alleged wrong, because he lacks the authority to do so.

Plaintiff neither challenges the District Engineer's decision, nor names the District Engineer as a party to this suit. Without the District Engineer as a party to this suit, the Court does not have jurisdiction to rule on the validity of the decision to issue the permit or to compel the District Engineer to revoke or modify the permit. *See Vapor Blast Indep. Shop Workers' Ass'n v. Simon*, 305 F.2d 717, 719 (4th Cir. 1962) (stating that a third party is "indispensable to the action" if it is necessary to effectuate the relief

7

plaintiffs seek to execute using the courts); *cf. Harris v. Smedile*, 302 F.2d 661, 662–63 (7th Cir. 1962).

This Court finds that the Plaintiff lacks standing because the Complaint does not sufficiently allege facts establishing traceability or redressability.[1]

Accordingly, Pruitt's Motion to Quash Service of Process and Motion to Dismiss the case against Defendant will be GRANTED. Defendant's Motion to Dismiss will also be GRANTED. The Complaint will be dismissed without prejudice.

/s/
Henry E. Hudson
United States District Judge

Date: August 25, 2016
Richmond, Virginia

---

[1] The existence of an injury-in-fact is also highly suspect, given the scant allegations of the Plaintiff. Further, while the Court does not currently reach the question, it is likely that the Plaintiff has also failed to state a claim, for a myriad of reasons. Given that standing is a threshold question, this Court only reaches and explicitly finds that based on the lack of traceability and redressability, the Plaintiff lacks standing and this Complaint must be dismissed.

8